# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| JOSEPH A. MCPEAK, individually and on behalf of all similarly situated individuals,<br>　　　　Plaintiff,<br>　　v.<br>S-L DISTRIBUTION COMPANY, INC.,<br>　　　　Defendant. | : Civil Action No. 1:12-cv-00348-<br>: RBK-KMW<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## STIPULATED PROTECTIVE ORDER
## REGARDING CONFIDENTIAL INFORMATION

This matter comes before the Court on the parties' Joint Motion for Entry of Stipulated Protective Order. During discovery, the parties will be seeking, and may in the future seek, documents or information that may be considered proprietary or confidential by the party requested to produce such documents or information. The Court is informed that each of the parties to the Joint Motion, and potentially non-parties, desires to protect such proprietary or confidential documents and information from unauthorized, unnecessary disclosure.

THEREFORE, pursuant to Fed. R. Civ. P. 26(c) and 29 and New Jersey Federal Practice Local Civil Rule 5.3, the parties stipulate and IT IS ORDERED

that the following principles and procedures designed to assure the protection of proprietary or confidential documents, information and discovery responses shall govern:

1. <u>Scope of Order</u>. The terms and conditions of this Protective Order shall be applicable to and govern all depositions, documents, information, discovery responses and other tangible things produced in response to requests for production, answers to interrogatories, responses to admissions, subpoenas and all other discovery requests, as well as any material voluntarily exchanged by the parties and material produced by non-parties in or for the above-captioned action (hereinafter this "Action"). This Stipulated Protective Order Regarding Confidential Information does not supersede any of the provisions of Local Civil Rule 5.3 with regard to the filing of materials or judicial pleadings.

2. <u>Designation of "CONFIDENTIAL" Materials</u>. Any party or non-party in this Action (hereinafter a "Designating Party") shall, with regard to documents, information or discovery responses it is producing, have the right to designate as "CONFIDENTIAL" any document, information, discovery responses or thing that it reasonably believes constitutes a matter pertaining to its business or person, which matter is not publicly known, is proprietary, involves private data, files or other financial, tax, or employment matters, and/or is commercially or competitively sensitive. For purposes of this Protective Order, the term

"document" shall include all written, recorded, graphic or electronic material produced by a Designating Party.

3.  <u>Restriction on Use of Designated Material</u>.  No documents, information, discovery responses or things designated CONFIDENTIAL shall be disclosed to any person or entity except as set forth in this Order.  Any material designated as CONFIDENTIAL shall be used solely for purposes of preparing for and conducting this Action and shall not be used for any other purpose whatsoever, including, but not limited to, any other litigation, or any business, commercial, governmental, judicial or personal matter or purpose.  No copies of material designated as CONFIDENTIAL shall be made except by or on behalf of counsel for the named parties.

Nothing contained in this Order shall, however, affect the right of a Designating Party to disclose or use for any purpose the documents or materials produced and designated by it as CONFIDENTIAL.

Also, this Order shall not limit or affect the rights of any party to use or disclose any documents or other material that has not been obtained through discovery in this Action.  The following material shall not be considered CONFIDENTIAL for purposes of this Order:

    a) information that at the time of the disclosure hereunder is already available to the public;

b) information that after disclosure hereunder becomes available to the public through no act, or failure to act, by the receiving party or anyone acting on its behalf; or

c) information that the receiving party can show was independently developed by the receiving party.

4. <u>Marking of Designated Materials</u>. Documents, information, discovery responses and things that any party wishes to protect against unauthorized disclosure or use shall be marked by placing the legend "CONFIDENTIAL" on each page of the document, information, discovery response or on the thing. All material to be so designated shall be marked prior to the provision of a physical or electronic copy thereof by the Designating Party. A designation as CONFIDENTIAL under this Protective Order shall constitute a representation of the Designating Party's belief that the material so designated contains CONFIDENTIAL information, as defined above, and that the material so designated is not reasonably believed to be already in the public domain.

5. <u>Depositions</u>. Deposition testimony or portions thereof may be designated CONFIDENTIAL during the deposition, or within fourteen (14) days after the transcript is received by written notice to all counsel of record and recipients of the transcript. All transcripts shall be maintained as CONFIDENTIAL for at least fourteen (14) days after receipt thereof to enable a

4

party to designate pages as CONFIDENTIAL. If any portion of a deposition transcript is designated as CONFIDENTIAL, the transcript of the designated testimony shall be bound or recorded in a separate volume or tape and marked by the reporter as CONFIDENTIAL.

The Designating Party shall have the right to have all persons, except the deponent and deponent's counsel, counsel of record for named parties, the court reporter, and such other persons as are permitted under Paragraph 7 below, excluded from a deposition, or any portion thereof, before the taking of testimony regarding information which has been designated as CONFIDENTIAL under this Protective Order.

A deponent shall not retain or copy any portions of a deposition transcript that contains CONFIDENTIAL information not provided by the deponent or by the entity by which the deponent is employed.

6.  <u>Filing Designated Materials</u>. If it is necessary to file documents or materials containing CONFIDENTIAL information, including, *inter alia*, transcripts of depositions, exhibits, physical evidence, answers to interrogatories, response to request for admissions, briefs, memorandum and documents, which comprise or contain designated CONFIDENTIAL information, shall be filed with the Court pursuant to Local Rule 5.3.

7. <u>Access to CONFIDENTIAL Materials</u>. Documents, information, discovery responses and other things designated as CONFIDENTIAL, as well as matters or information contained therein, and any copies, summaries, excerpts, and indices thereof, shall only be used for purposes of litigating this Action and shall be disclosed only to the persons, and under the conditions, as follows:

a) attorneys of record and in-house counsel for the parties and any associates, paralegals or assistants of said attorneys who have been assigned to assist counsel in this Action;

b) any expert witness or consultants retained by one of the parties for this Action;

c) any person who is an author or was a recipient of CONFIDENTIAL material about which testimony is taken, except that if such person is deposed or testifies in a court proceeding and, during the course of such testimony is shown copies of CONFIDENTIAL material, the person may not retain those CONFIDENTIAL copies;

d) qualified persons taking testimony involving such documents information or discovery responses and necessary stenographic and clerical personnel; and

e) the Court and the Court's staff, *in camera* or under seal.

8. <u>Undertakings of Persons Receiving Designated Materials</u>. Material designated CONFIDENTIAL shall not be disclosed to any person described in Paragraphs 7(b)-(c) until that person has executed a written declaration in the form attached hereto as Exhibit "A," acknowledging that he or she has read a copy of this Order and agrees to be bound thereby, or until that person has so acknowledged and agreed on the record of his or her deposition. In the event of depositions of non-party witnesses at which CONFIDENTIAL material is to be shown or revealed to a deponent who does not fall under Paragraph 7, any Designating Party may request that said deponent execute a written declaration in the form attached hereto as Exhibit "A." Absent such declaration, CONFIDENTIAL material shall not be disclosed to the deponent. Counsel of record shall be responsible for maintaining a file of all such declarations on behalf of its clients. The file of the signed declarations shall be available for inspection by the Court upon good cause shown by opposing counsel. Furthermore, all such signed declarations shall be produced to the opposing party at their request upon the final resolution of this Action.

9. <u>Use of CONFIDENTIAL Materials in Court Proceedings</u>. In the event that any CONFIDENTIAL material is used in any court proceeding in connection with this Action, it shall not lose its CONFIDENTIAL status through such use.

10. <u>Compliance Not An Admission</u>. Treatment by opposing counsel in conformity with the indicated designation of CONFIDENTIAL shall not be construed, in any way, as an admission or agreement by any party that the designated disclosure constitutes or contains any confidential information of any other party or witness.

11. <u>Procedure for Modification of Order/Objection to Designation</u>. No party to this Action or person bound by this Order shall be obligated to challenge the propriety of any designation by any other party or person bound by this Order and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation.

Any party or person bound by this Order objecting to the designation of any material as CONFIDENTIAL must give counsel for the Designating Party prior written notice of its reason for the objection and the parties shall attempt to resolve their differences. Failing expeditious resolution, the objecting party shall raise with the Court any continued objection which it has to the designation and move the Court for an order removing the designation with respect to the challenged material. If no motion is so made, the material in question will retain its designation. Furthermore, any material that has been designated as CONFIDENTIAL shall be treated in the manner designated until such time, if any,

as the Court rules that it should not be treated as CONFIDENTIAL, or the Designating Party agrees to change the designation. The burden of proving that an item has been properly designated as CONFIDENTIAL shall be on the Designating Party.

12. <u>Disposition of Designated Materials at End of Action</u>. Within thirty (30) days of the final adjudication (including any appeals) or other final disposition of the claims at issue herein and the Action, unless otherwise agreed to in writing by an attorney of record for the Designating Party, each party shall then either (1) assemble and return all material designated as CONFIDENTIAL in its possession, or the possession of persons falling within the ambit of Paragraph 7, including all copies thereof (except digital backups made as part of a routine backup policy, which will be destroyed as part of the parties' and their attorneys' regular destruction schedules), as well as any abstracts, summaries, excerpts, indices, and descriptions arrived from such CONFIDENTIAL material, to the Designating Party from whom the designated material was obtained, or (2) certify in writing that all such material has been destroyed; except documents that have been filed under seal with the Court are excluded from such obligations.

13. <u>Obligations of Counsel</u>. Counsel for each party shall take reasonable precautions to prevent unauthorized or inadvertent disclosure or use of any CONFIDENTIAL material.

14. <u>Inadvertent Failure to Designate</u>. This Paragraph shall govern material inadvertently not initially designated CONFIDENTIAL. The initial failure to designate material in accordance with the Protective Order shall not preclude any party or non-party, at a later date, from designating any material CONFIDENTIAL. A party or non-party may, by written notice to counsel of record for the receiving party or parties, designate previously produced materials as CONFIDENTIAL which it has inadvertently failed to previously designate as CONFIDENTIAL. The Designating Party shall supply properly marked copies of the materials. Upon receipt of such notice and properly marked material, the receiving party, if it has not already disclosed the material to persons not qualified by this Order, shall thereafter treat the material as if it has been designated CONFIDENTIAL, shall restrict the disclosure or use of such material to only those persons qualified pursuant to this Order and, if such material has previously been disclosed to persons not qualified pursuant to this Order, shall take reasonable steps to obtain all such previously disclosed material and advise such persons of the claims of confidentiality.

15. <u>Non-Party Subpoena</u>. In the event that any person or party subject to this Protective Order, having possession, custody or control of any document, information, discovery responses or other material designated as CONFIDENTIAL that was produced by another party hereto, receives from a non-party a subpoena

or other process to produce such a document, information, discovery response or material, such person or party shall promptly notify, in writing, the Designating Party of the documents, information, discovery responses or material sought by such subpoena or other process, and shall furnish such Designating Party with a copy of said subpoena, process or order. The party or person receiving the subpoena or other process shall make a timely objection to the production of the document, information, discovery response or material designated as CONFIDENTIAL on the grounds that the production is prohibited by this Protective Order. The Designating Party for such document, information, discovery response or material sought shall have the responsibility, in its sole discretion, and at its own cost, to otherwise move against the subpoena or other process, or otherwise oppose entry of an order by a court compelling production of the document, information, discovery response or material designated as CONFIDENTIAL. In no event shall the person or party receiving the subpoena or other process produce documents, information, discovery responses or material designated as CONFIDENTIAL in response to the subpoena or other process unless and until such person or party is ordered to do so by a court.

16.  **Inadvertent Disclosure.** The production of documents, information and tangible things or the inspection thereof shall not constitute a waiver of the attorney-client privilege, the work product privilege/immunity or any other

11

applicable privilege if, as soon as reasonably possible after a producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such document, information or tangible thing as protected from disclosure by the attorney-client privilege, the work product privilege/immunity or any other applicable privilege and requests the return of such document, information or thing to the producing party. Upon request by the producing party, the receiving party shall immediately return to the producing party all copies of such inadvertently produced material and any materials derived or based thereon. By complying with this obligation, the requesting party does not waive any right it has to challenge the assertion of privilege and to seek an order denying such privilege.

17. <u>Entire Agreement</u>. This Protective Order constitutes the entire agreement between the parties relating to confidentiality and the production of documents, information, discovery responses and materials and supersedes any and all previous agreements and representations, written or oral, between the parties hereto, or on their behalf, relating to the subject matter hereof. It shall be amended only by a writing signed by all parties hereto and the Court.

18. <u>Enforcement</u>. It is Ordered by the Court that this Protective Order will be enforced by sanctions as set forth in the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to

hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

19. <u>Waiver</u>. Nothing in this Protective Order shall operate to waive the right of any party to assert objections to discovery or to the admission into evidence on any grounds with regard to, or to seek such additional protections as may be appropriate with regard to the disclosure of, particular confidential documents, information, discovery responses or other material.

AGREED:

DATED: February 26, 2015    **Joseph McPeak**

    By:  /s/ Michael M. Weinkowitz
          Michael M. Weinkowitz, Esq.
          Charles E. Shaffer, Esq.
          LEVIN, FISHBEIN, SEDRAN & BERMAN
          510 Walnut Street, Suite 500
          Philadelphia, PA 19106

          and

          Shawn J. Wanta, Esq.
          BAILLON THOME JOZWIAK &
          WANTA LLP
          100 South Fifth Street, Suite 1200
          Minneapolis, MN 55402

DATED: February 26, 2015   **S-L Distribution Company, Inc.**

By: /s/ Jill R. Cohen
    KEITH E. SMITH (I.D. No. 050221992)
    JILL R. COHEN (I.D. No. 036872007)
    50 West State Street, Suite 1400
    P.O. Box 1298
    Trenton, NJ 08607-1298

    -and-

    JOEL L. LENNEN, *Pro Hac Vice*
    600 Grant Street, 44th Floor,
    Pittsburgh, PA 15219

APPROVED AND HEREBY ORDERED THIS 27th day of February 2015.

KAREN M. WILLIAMS
UNITED STATES MAGISTRATE JUDGE

14

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____hereby acknowledge that:

(i)   I have read the Protective Order entered in the Action presently pending in the United States District Court for the District of New Jersey, entitled *Joseph A. McPeak, individually and on behalf of all similarly situated individuals v. S-L Distribution Co.*, Case No. 1:12-cv-00348-RBK-KMW;

(ii)  I understand the terms of the Protective Order;

(iii) I agree, upon threat of penalty of contempt and other civil remedies, to be bound by its terms; and

(iv)  I irrevocably submit my person to the jurisdiction of the United States District Court for the District of New Jersey for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

DATED: _____

_____
Signature

_____
Name

_____
Present Employer

_____
Title/Occupation

_____
Address

_____
Telephone Number